# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| YAKOV WARTENBURG, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br> v.<br><br>OX SECURITIES LTD., an Australian corporation,<br><br>    *Defendant.* | Case No. 2:26-cv-00795<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Yakov Wartenburg ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby brings this Class Action Complaint against Defendant Ox Securities Ltd. ("Ox Securities" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action for rescission, restitution, and damages arising from Defendant's unlawful facilitation and conduct of contracts-for-difference ("CFD") trading for Plaintiff and all United States citizens who engaged in CFD trading through Defendant during the period from four years prior to the filing of this Complaint through the date of class certification (the "Class"), in violation of federal commodities laws.

2. Defendant Ox Securities facilitated extensive CFD trading for Plaintiff and the Class despite the fact that the placement and sale of CFDs in the United States are generally illegal.

3. Defendant Ox Securities has not registered as an Introducing Broker or Futures Commodities Merchant under the Commodities Exchange Act, nor has it claimed any exemption from such registration requirements.

4.      As a result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount believed to be at least $131,187, exclusive of interest, and the Class has suffered damages in amounts to be determined at trial.

## THE PARTIES

5.      Plaintiff Yakov Wartenburg is a citizen of the United States and a resident of the State of New York.

6.      Defendant Ox Securities Ltd. is a foreign corporation with its principal place of business located at Zenith Tower B, Suite 902, 821 Pacific Highway, Chatswood, 2067 NSW, Australia.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Commodities Exchange Act, 7 U.S.C. § 1 et seq.

8.      This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act jurisdiction) because this is a class action in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and minimal diversity exists between the parties.

9.      This Court has personal jurisdiction over Defendant Ox Securities because it transacted business with Plaintiff and Class members, who are United States citizens, and directed its unlawful conduct into the United States.

10.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's and the Class's claims occurred in this district, and a substantial part of the injury to Plaintiff and the Class was suffered in this district.

## FACTUAL ALLEGATIONS

11.     At times relevant to this Complaint, NURP developed and operated an automated trading program through which retail investors, including Plaintiff and Class members, were instructed to trade.

12.     NURP directed Plaintiff and Class members to conduct trading through Defendant Ox Securities.  Other automated program providers similar to NURP directed public customers in the United States to trade through Defendant.

13.     Defendant facilitated extensive trading of CFDs for Plaintiff and Class members.

14.     CFDs are derivative financial instruments that allow traders to speculate on the price movement of an underlying asset without owning the asset itself.

15.     The placement and sale of CFDs to retail investors in the United States is generally illegal under federal commodities laws.  Defendant failed to meaningfully disclose this to Plaintiff and other public customers in the United States.

16.     Despite this prohibition, Defendant illegally facilitated thousands of CFD trades for Plaintiff and Class members, all United States citizens, and received commissions, fees and other revenue from such trading.

17.     Defendant is not registered and has never been registered o as an Introducing Broker or Futures Commodities Merchant under the Commodities Exchange Act and has never claimed any exemption from such registration requirements.

18.     In fact, Defendant has since been placed on the CFTC's "black list" of unregistered trading firms with whom United States investors should not trade.

19.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered monetary losses believed to be at least $131,187, exclusive of interest, and Class members

have suffered similar monetary losses.

20.     Prior to commencing this action, Plaintiff demanded that Defendant rescind all trades and repay his funds by November 17, 2025.

21.     Defendant failed to comply with Plaintiff's demand.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action individually and as a class action on behalf of himself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

23.     Plaintiff seeks to represent the following class: All United States citizens who engaged in CFD trading through Defendant during the period from four years prior to the filing of this Complaint through the date of class certification.

24.     Excluded from the Class are the Defendant, its officers, directors, affiliates, legal representatives, and employees, the Judge to whom this case is assigned, and any member of the Judge's immediate family.

25.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of hundreds or thousands of individuals located throughout the United States who traded CFDs through Defendant.

26.     There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions include, but are not limited to: (a) whether Defendant violated the Commodities Exchange Act by facilitating CFD trading for United States citizens without proper registration; (b) whether the CFD trades facilitated by Defendant are void and unenforceable as a matter of law; (c) whether Defendant was unjustly enriched by its unlawful conduct; and (d) whether Plaintiff and Class members are entitled

to rescission, restitution, and damages.

27.     Plaintiff's claims are typical of the claims of the Class members because Plaintiff and all Class members were subjected to the same unlawful conduct by Defendant, engaged in CFD trading through Defendant and suffered monetary losses as a direct result of Defendant's unlawful activities.

28.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in complex litigation involving commodities law violations. Plaintiff has no interests that are contrary to or in conflict with the interests of the Class.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual joinder of all Class members is impracticable, and individual litigation would impose unnecessary burdens on the courts and would be economically infeasible for many Class members given the relatively modest losses suffered by individual Class members compared to the costs of individual litigation.

30.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action will achieve economies of time, effort, and expense and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.

31.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## Violation of the Commodities Exchange Act

32.     Plaintiff incorporates by reference the allegations set forth in the preceding

paragraphs as though fully set forth herein.

33.     The Commodities Exchange Act, 7 U.S.C. § 1 *et seq.*, and regulations promulgated thereunder regulate the trading of commodity futures and derivatives, including CFDs.

34.     Defendant violated the Commodities Exchange Act by facilitating CFD trading for Plaintiff and Class members, all United States citizens, without registering as an Introducing Broker or Futures Commodities Merchant and without claiming any applicable exemption.

35.     As a direct and proximate result of Defendant's violations of the Commodities Exchange Act, Plaintiff and Class members have suffered damages in amounts to be proven at trial, including but not limited to at least $131,187 for Plaintiff, exclusive of interest.

## SECOND CAUSE OF ACTION

### Rescission

36.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

37.     The trades facilitated by Defendant on behalf of Plaintiff and Class members were conducted in illegal instruments through an unregistered commodities trading firm without any exemption claims.

38.     As a result, all trades made through Defendant are void and unenforceable as a matter of law.

39.     Plaintiff and Class members are entitled to rescission of all trades made through Defendant and the return of all funds invested, including but not limited to at least $131,187 for Plaintiff, exclusive of interest.

### THIRD CAUSE OF ACTION

### Unjust Enrichment

40.     Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

41.     Plaintiff and Class members conferred a benefit upon Defendant by investing funds through trading platforms and programs that directed them or required them to trade with Defendant.

42.     Defendant accepted and retained the benefits conferred by Plaintiff and Class members, including trading revenue, margin interest and all profits derived therefrom.

43.     Defendant was unjustly enriched at Plaintiff's and Class members' expense through their unlawful conduct.

44.     It would be unjust and inequitable for Defendant to retain the benefits conferred by Plaintiff and Class members without providing restitution.

45.     Plaintiff and Class members are entitled to restitution in amounts to be proven at trial, including but not limited to at least $131,187 for Plaintiff, exclusive of interest.

### DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the Class, demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court enter judgment in his favor and the favor of the Class, and against Defendant, and award the following relief:

A.     An order certifying the Class as defined herein and appointing Plaintiff as Class

Representative and Plaintiff's counsel as Class Counsel;

B.      A declaration that Defendant's conduct violated the Commodities Exchange Act;

C.      A declaration that all trades made through Defendant on behalf of Plaintiff and Class members are void and unenforceable;

D.      Rescission of all trades made through Defendant on behalf of Plaintiff and Class members;

E.      Restitution in amounts to be determined at trial;

F.      Prejudgment and post-judgment interest at the maximum rate permitted by law;

G.      Attorneys' fees and costs of this action to the extent permitted by law; and

H.      Such other and further relief as this Court deems just and proper.


Dated: February 11, 2026        Respectfully submitted,

**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**

/s/ *Robert V. Cornish Jr.*
ROBERT V. CORNISH JR. (4755104)
32 Mercer Street, 3rd Floor
New York, NY  10013
Office: (307) 264-0535
rcornish@rcornishlaw.com

*Attorney for Putative Class Plaintiff*